UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES E. JONES, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-1658 (ESH) |
| | ) |
| COURT SERVICES AND OFFENDER | ) |
| SUPERVISION AGENCY FOR THE | ) |
| DISTRICT OF COLUMBIA *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

In this *pro se* action removed from the Superior Court of the District of Columbia, plaintiff, an inmate at the District of Columbia Jail, sues defendants for false imprisonment and constitutional violations stemming from his arrest in March 2008. He names the Court Services and Offender Supervision Agency ("CSOSA") and two Community Supervision Officers ("CSO"), "Daniel Carter" and Supervisor Gladys Dorgett, and seeks $150,000 in monetary damages.[1] Defendants move to substitute the United States and to dismiss the complaint under Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. Upon consideration of the parties' submissions, the Court will grant defendants' motion and dismiss the case.

### I. BACKGROUND

Plaintiff alleges that he was arrested at his job site and "falsely" imprisoned for ten days "when employee(s) acting in the scope of his or her employment, failed to withdraw a parole

---

[1] Plaintiff's CSO at the relevant time was Danielle Carter. (Mem. in Support of Defs.' Mot. to Substitute Defendants and to Dismiss Pl.'s Compl. at 1, n.2.)

violation warrant in a timely manner as ordered by Ms. Dorgett." (Compl. at 1.) He alleges that Carter "intentionally made false allegations and intentionally took sick leave to make sure plaintiff was locked up because she did not like the way Ms. Dorgett ordered her." (*Id*.) In his opposition to the pending motion to dismiss, plaintiff states that "[t]he case is a Negligence Tort Claim." (Pl.'s Mem. of P. & A. in Opp'n to the Defs.' Mot. to Dismiss [Dkt. # 7] at 1.) He claims that defendants breached a duty to timely inform the United States Parole Commission ("USPC") "to cancel the [parole violator] warrant" and faults Carter for "not forward[ing] the [cancellation] memo to the Commission before the warrant was executed."[2] (*Id*. at 2.)

## II. DISCUSSION

The Attorney General's designee has certified that Carter and Dorgett were acting within the scope of their employment at the time of the events forming the basis of the complaint. (Defs.' Exs. B, C.) "When a federal employee is sued for wrongful or negligent conduct, the [Westfall] Act empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.' Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Wuterich v. Murtha*, 562 F.3d 375, 377 (D.C. Cir. 2009) (quoting *Osborn v. Haley*, 549 U.S. 225, 229-30 (2007)). Plaintiff has not

---

[2] Plaintiff attaches to his opposition the "Recall/Cancel Warrant" dated March 21, 2008, in which CSO Alexis Ramsey explains that after a meeting with plaintiff on March 17, 2008, it was determined that he was in compliance with his parole supervision terms. She further states that "per [the CSO supervisor's] instructions, CSO Carter emailed [USPC] Case Analyst Rhonda Shelton on 3/18/08 to request that the warrant be rescinded. Yet due to CSO Carter being on sick leave, a memo was not forwarded to the commission before the warrant was executed on 3/19/08." (Pl.'s Opp'n at 4.). Plaintiff also attaches a "Facsimile Transmittal Sheet" dated March 21, 2008, from "Alexis Ramsey on behalf of CSO Carter" to Shelton and Diedre Jackson, marked urgent and indicating the transmission of four pages. (*Id*. at 9.)

contested the certification. The United States therefore is substituted as the proper federal defendant.[3] *See id.* at 381 ("[W]here a plaintiff fails to allege sufficient facts to rebut the certification, the United States must be substituted as the defendant because the federal employee is absolutely immune from suit.").

The Federal Tort Claims Act ("FTCA") is the exclusive remedy for plaintiff's claim against the United States for monetary damages.[4] *See* 28 U.S.C. §§ 2671 *et seq.* The FTCA requires that a claimant present his claim to the appropriate federal agency prior to filing a civil action in a federal district court. *McNeil v. United States*, 508 U.S. 106, 113 (1993); 28 U.S.C. § 2675(a) (requiring claimant to present claim "for money damages for injury or loss of property . . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . to the appropriate Federal agency" from which written notice of the denial of the claim has been mailed to the claimant, or six months has passed, before suit may be filed). Because plaintiff has not alleged that he exhausted

---

[3] "CSOSA is a federal government entity." *Cooper v. Johnson*, 652 F. Supp. 2d 33, 37 (D.D.C. 2009) (citing D.C. Code § 24-133(a) (2001)) (establishing CSOSA "within the executive branch of the Federal Government") (other citations omitted).

[4] In his opposition, plaintiff seeks additional relief in the form of "punitive damages for violation of [his] Eighth Amendment Rights against cruel and unusual punishment" and "an injunction to the Defendants to revise and remodify [sic] its current policy in recalling requested cancellation of parole issued warrants. . . ." (Pl.'s Opp'n at 3.) Plaintiff has not set forth any facts to support the constitutional claim, *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009), and his claim for injunctive relief is defeated by his own documentation establishing CSOSA's timely attempts to recall the warrant. *See U.S. Info. Agency v. Krc*, 989 F.2d 1211, 1216 (D.C. Cir. 1993) (stating that "the FTCA specifically bars money damages as a remedy for Krc's claim, which by parity of reasoning implies that injunctive relief is available."); accord *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) ("[FTCA] language, providing for preclusion of actions 'for money damages'[,] logically implies that an action for injunctive or declaratory relief would not be precluded.")

his administrative remedies by having presented his claim first to the appropriate agency, this Court lacks jurisdiction to entertain his complaint against the United States. A separate Order of dismissal accompanies this Memorandum Opinion.

_____/s/_____
ELLEN SEGAL HUVELLE
DATE: November 18, 2010  United States District Judge